IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:22-cv-00894-SKC-KAS

ERIN MAXWELL,

    Plaintiff,

v.

ADVANCED STERILIZATION PRODUCTS, INC.,

    Defendant.

**ORDER GRANTING AND DENYING IN PART
PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. 100)**

The above-referenced Motion is now fully briefed and before the Court. Dkt. 100 (Motion); Dkt. 104 (Defendant's Response); and Dkt. 105 (Plaintiff's Reply). The Court grants the Motion in part, and denies it in part, for the reasons shared below.

Where, as here, a party seeks to amend their pleadings after the deadline established in the scheduling order,[1] "a party must meet the two-part test of first showing good cause to amend the scheduling order under Rule 16(b), and then showing that amendment would be allowed under Rule 15(a)." *Ayon v. Kent Denver Sch.*, No. 12-cv-2546-WJM-CBS, 2014 WL 85287, at *2 (D. Colo. Jan. 9, 2014). *Cf.*

---

[1] The deadline to join parties and amend pleadings was August 15, 2022.

1

*Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014).

The "good cause" standard under Rule 16 requires the moving party to show that despite its diligent efforts, it could not have reasonably met the scheduled deadline. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). This standard is "much different than the more lenient standard contained in Rule 15(a)." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (quoting *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), aff'd, 129 F.3d 116 (4th Cir. 1997)). The Rule does not focus on the bad faith of the movant, or the prejudice to the opposing party. Instead, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. *Id.* For example, proposed amendments are barred if the movant "knew of the underlying conduct but simply failed to raise . . . the claims." *Gorsuch, Ltd.*, 771 F.3d at 1240 (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).).

The purpose of Rule 15(a) unquestionably is to facilitate a decision on the merits. *Bob Marshall All. v. Lujan*, 804 F. Supp. 1292, 1298 (D. Mont. 1992). To that end, motions to amend should be freely granted when justice requires. *See, e.g., Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459 (D. Colo. 1995). But even then, "there is no absolute right to repeatedly amend a complaint." *Fluker v. Fed. Bureau*

2

*of Prisons*, No. 07-cv-02426-CMA-CBS, 2009 WL 1065986, at * 4 (D. Colo. Apr. 21, 2009).

In evaluating the "needs of justice," the court must consider the interests of all parties. *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990); *see also Arkansas-Platte & Gulf P'ship v. Dow Chem. Co.*, 886 F. Supp. 762, 765 (D. Colo. 1995) ("Leave to amend should be freely given based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and prejudice to the opposing party."). Ultimately, a motion to amend is left to the sound discretion of the district court. *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).

## ANALYSIS & FINDINGS

Plaintiff seeks to amend her Complaint in three ways:

1. To bring a claim for retaliation in violation of the False Claims Act, 31 U.S.C. § 3730(h);

2. To cure defects in wrongful termination claims that the Court dismissed without prejudice [Dkt. # 79] by more specifically stating the source of public policy; and

3. To join Fortive and to recognize ASP Services (the latter under the doctrine of judicial estoppel) as defendants based on their dismissed (sic) without prejudice from *Erin Maxwell v. Advanced Sterilization Products Services Inc. and Fortive Corporation*, Case. No. 1:23-cv-03311-[SKC]-KAS (D. Colo.) (hereinafter Maxwell II) and ASP Services' active involvement in *Maxwell I*.

3

Dkt. 100, pp.2-3.[2]

### 1. Adding a Claim for Retaliation Under the False Claims Act (FCA)

The Court finds good cause to allow the amendments adding a claim for retaliation in violation of the FCA, 31 U.S.C. § 3739(h). Concerning this amendment, Plaintiff indicates she informally obtained information from Bob Chapman on February 19, 2023, and deposed Andrew Davis on March 2, 2023, and "[f]ollowing Chapman's call and Mr. Davis's deposition, it became apparent for the first time that a claim could be made for retaliation under the False Claims Act." Dkt. 100, p.7 ¶12; *see also id.* at p.3 (indicating Chapman and Davis "provided essential information that uncovered the claim"). Plaintiff then promptly filed a Motion to Amend the Complaint (Dkt. 47) on March 17, 2023[3]—15 days after Davis's deposition. Plaintiff

---

[2] Some background on the third amendment Plaintiff seeks: On December 15, 2023, Plaintiff filed Civil Action No. 1:23-cv-003311-SKC-KAS ("*Maxwell II*") in this Court. The Court later dismissed *Maxwell II* based on Plaintiff's improper claims splitting. Plaintiff's claims in *Maxwell I* (the present case) and *Maxwell II* both arose out of her employment termination from Defendant Advanced Sterilization Products, Inc. ("ASP"). Plaintiff claimed she brought *Maxwell II* against ASP's parent corporation, Fortive Corporation ("Fortive"), and its related entity, Advanced Sterilization Products Services, Inc. ("ASP Services"), based on discovery in *Maxwell I* that suggested ASP Services and Fortive are co-employers of Plaintiff and information suggesting Fortive actively participated in her unlawful termination. The cases involved the same claims, but in *Maxwell II*, Plaintiff also asserted a claim under the False Claims Act, among other new claims.

[3] Due to a series of missteps in her efforts to amend her complaint to add the claims and new defendants that are the subject of this Motion, the Court denied the earlier motion to amend without prejudice. Dkt. 82. After another series of haphazard attempts to amend her complaint while simultaneously filing *Maxwell II*, once the dust settled, Plaintiff successfully made her request in the instant motion filed on July 16, 2024. Dkt. 100. The Court finds the dates of Plaintiff's earlier attempts to

4

originally sought this amendment roughly seven months before discovery closed in October 2023 and basis her request on new information she learned in discovery.

These reasons establish good cause under Rule 16. They also support a lack of prejudice to the Defendant. The Court finds this amendment is warranted under Rule 15(a).[4] The Motion is granted as to this amendment.

### 2. Curing Defects in the Wrongful Termination Claim Based on This Court's Prior Order

Plaintiff has not established good cause for these amendments. First, the Motion is untimely as to these proposed amendments. The Court issued its Order Re: Motion for Partial Judgment on the Pleadings on October 19, 2023, which dismissed portions of Plaintiff's public-policy, wrongful termination claim. Dkt. 75. Four months later, on February 23, 2024, Plaintiff filed a "supplement" to her then pending motion to amend seeking, for the first time, to amend her complaint to "cure the defects" that led to dismissal of portions of her wrongful termination claim. Dkt. 79. This four-month delay was untimely. It was also dilatory when considering that, in the meantime, on December 15, 2023, Plaintiff filed a new lawsuit against ASP's

---

amend her complaint, and sue Fortive and ASP Services, relevant to the good-cause analysis, and therefore, does not necessarily view the current Motion as Plaintiff's first request to amend.

[4] To the extent Defendant argues futility around adding the FCA claim, the Court rejects that argument on the current Motion. Futility arguments are better addressed through a motion to dismiss because it allows for full briefing on the issue and keeps the associated burden of proof on the movant clear, rather than potentially confusing or shifting that burden by a defendant raising futility in a responsive pleading.

affiliated entities—she could have also sought leave to amend her complaint to "cure defects" in her wrongful termination claim around and before that time.

Moreover, the Court is not convinced the defects which Plaintiff now seeks to "cure" were not curable in the first instance, when she originally filed her complaint. Instead, the purported cures appear to present new theories and additional facts to plug the holes identified by the Court's prior order. Amendments such as these are disfavored when sought after an adverse ruling. *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998) ("[W]e do not favor permitting a party to attempt to salvage a lost case by untimely suggestion of new theories of recovery, especially after the trial judge has already expressed adverse rulings."); *Miller v. First United Bank & Tr. Co.*, No. 23-6050, 2024 WL 676857, at *8 (10th Cir. Feb. 20, 2024) (finding no abuse of discretion where trial court disallowed amendments sought after dismissal of the complaint).

The Motion is denied as to these amendments.

### 3. Joining Fortive and ASP Services

Concerning Fortive, the Court finds good cause for the amendments adding Fortive as a defendant. Plaintiff indicates she was unaware of Fortive's involvement in the underlying facts until May 12, 2023, when the Court ordered production of the Investigative Report that Defendant withheld under an improper claim of privilege. Dkt. 56. Next, she discovered the "fact, nature, and extent of Fortive's involvement in the scheme" (Dkt. 100, p.8 ¶18) with a Rule 30(b)(6) deposition of Defendant on June

6

30, 2023 (Dkt. 100-3) and the continued Rule 30(b)(6) deposition (based on this Court's discovery ruling requiring the continued deposition) which occurred between this Court's August 10, 2023 Order (Dkt. 74), and the close of discovery on October 12, 2023. Plaintiff then sued Fortive and ASP Services in *Maxwell II* on December 15, 2023—a two-month delay at best.[5]

Considering that Plaintiff first attempted to assert her claims against Fortive on December 15, 2023, the Court finds her present motion to amend—which she filed in response to this Court's dismissal of *Maxwell II*—to be timely. The Court also finds no prejudice against ASP or Fortive in allowing the amendment. The timing of the amendment stems, at least in part, from ASP's improper claim of privilege over the Investigation Report and its improper objections to certain Rule 30(b)(6) deposition topics, both of which this Court resolved in Plaintiff's favor.

Concerning ASP Services, the parties have been sloppy in addressing this issue. In Defendant ASP's April 13, 2022 Notice of Removal, ASP identified itself as ASP Services and included a footnote indicating ASP was "incorrectly named" in the complaint as "Advanced Sterilization Products, Inc." Dkt. 1. It said the same thing in its April 20, 2022 Answer to the complaint. Dkt. 11. And yet, neither party took steps to either correct the case caption, add or substitute ASP Services as a defendant, dismiss ASP, or all the above. The parties simply continued to litigate this matter while allowing the confusion over ASP and ASP Services to persist. For example,

---

[5] *Supra* n.2.

7

defense counsel has sometimes filed documents on behalf of ASP and other times on behalf of ASP Services. To confuse things further, when new defense counsel filed their entries of appearance in this case, they stated they "hereby enter [their] appearance on behalf of [ASP Services]," while the case caption only reflected the named defendant as ASP. Dkts. 27 (October 2022 entry of William F. Cusack III), 81 (March 2024 entry of Kaitlin Spittell). Even as late as July 26, 2024, ASP filed an Unopposed Motion for Clarification claiming the motion to be filed on behalf of ASP Services. Dkt. 102.

As a result, ASP Services has attempted to inject itself into this litigation all along. It has continuously claimed it is the proper defendant and has purported to file various motions or other filings in this case throughout this litigation, and counsel has entered their appearance on its behalf. There is good cause for these amendments and ASP Services will suffer no prejudice by formalizing its status as a named defendant by way of the amendments Plaintiff seeks.

For these reasons, the Motion is granted as to these amendments under Rule 15(a).

\*   \*   \*

There is no trial date or deadline for dispositive motions. Thus, there is time to cure any potential prejudice to Defendants resulting from the amendments this Court has allowed. But ultimately, the Court sees little prejudice, if any, because the Court finds the amendments it has allowed were timely sought by Plaintiff in the

8

first instance and the parties have directly and indirectly engaged in discovery over Fortive's and ASP Services' involvement in the underlying facts.

For the reasons shared above, IT IS ORDERED that:

1. The Motion is GRANTED insofar as concerns (a) the amendments to include a claim for retaliation in violation of the False Claims Act, 31 U.S.C. § 3730(h), and (b) the amendments joining Fortive and ASP Services as named Defendants;

2. The Motion is DENIED insofar as the amendments "to cure defects" in the wrongful termination claims previously dismissed by the Court;

3. Plaintiff shall file a clean version of the Amended Complaint with the allowed amendments on or before March 28, 2025;

4. Defendants shall answer or otherwise respond to the Amended Complaint within 21 days of service;

5. Within 10 days from the date of this Order, the parties shall confer in good faith and either file a notice indicating no additional limited discovery is necessary based on the amendments and requesting the Court set a deadline for dispositive motions, or file a motion requesting a status conference with Magistrate Judge Kathryn Starnella to discuss any need and the parameters for *limited* discovery based on the amendments allowed; and,

6. There will be no further amendments to the Complaint.

DATED: March 22, 2025

BY THE COURT:

_____
S. Kato Crews
United States District Judge